# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-17-00082-CR

**Dylan Scott Garrett, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2016-500, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant filed his notice of appeal on January 31, 2017, and his brief was originally due on May 10, 2017—about 11 months ago.  On May 22, 2017, we sent counsel a notice that the brief was overdue and advised him that a hearing before the trial court would be ordered if we did not receive a response on or before June 1, 2017.  On May 22, 2017, this Court sent a notice to appellant's counsel informing him that appellant's brief was overdue and that a failure to file a satisfactory response by June 1, 2017, would result in the referral of this case to the trial court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure.

We abated the appeal on August 22, 2017, and remanded the cause to the district court for a hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure.  We ordered the trial court to make appropriate written findings and recommendations, and if necessary, to appoint substitute counsel who will effectively represent appellant in this appeal.  We further

ordered the trial court to order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than September 21, 2017.

Following the hearing, the Comal County District Clerk's office informed the Court in October 2017 and again in December 2017 that the findings and orders were not filed into record. A supplemental reporter's record was filed on October 9, 2017, indicating that the trial court held a hearing. The transcript from the hearing indicates that appellant's counsel was uncertain about whether appellant wants to pursue his appeal and that appellant was not at the hearing although his counsel had expected him to be. The trial court indicated that it lacked sufficient information to make a finding, but it was unclear from the record when the trial court and appellant's counsel intended to resolve the issue of whether appellant desires to prosecute his appeal.

Accordingly, on February 23, 2018, we reinstated the case to abate it a second time. We remanded the cause to the trial court for a second hearing under Rule 38.8(b) of the Texas Rules of Appellate Procedure. For a second time, we ordered the trial court to conduct a hearing to determine whether appellant desires to prosecute this appeal, and if so, whether counsel has abandoned this appeal. *See* Tex. R. App. P. 38.8(b)(2), (3). We again ordered the trial court to make appropriate written findings and recommendations, and if necessary, to appoint substitute counsel who will effectively represent appellant in this appeal. We again ordered the trial court to order the appropriate supplemental clerk's and reporter's records—including all findings and orders—to be prepared and forwarded to this Court no later than March 26, 2017.

To date, we have received no findings, no recommendations, and no appellant's brief. A supplemental reporter's record was filed on March 26, 2018. The transcript from the hearing conducted on March 12 indicates that appellant's counsel remains uncertain about whether appellant wants to pursue his appeal and that appellant has been placed in SAFP. The trial court recommended that counsel send appellant another letter and give him two weeks to respond. Two weeks have since passed.

Counsel is ordered to file appellant's brief no later than April 20, 2018. If counsel has not filed either a brief or a motion to dismiss that complies with Texas Rule of Appellate Procedure 42.2(a) by that date, counsel will be required to show cause why he should not be held in contempt of court.

It is ordered on March 30, 2018.


Before Justices Puryear, Pemberton, and Bourland